Spear, J.
The case on its merits is submitted on the motion. A preliminary question is presented which is that the motion should be denied because not commenced within the time prescribed by the statute, section 6723, Revised Statutes. That section is:
“No proceedings to reverse, vacate or modify a judgment or final order shall be commenced, unless within four months after the rendition of the judgment or the making of the final order complained of; or in case the person entitled to such proceedings is an infant, a person of unsound mind or imprisoned, within four months as aforesaid, exclusive of the time of such disability.”
It is to be observed that the section quoted is incorporated under the head of Title IV of Part 3rd of the Statutes, entitled Error, Mandamus and Quo Warranto. As these subjects come wholly within the province of actions and proceedings other than criminal, the chapter is not necessarily a guide to the rule which should obtain in criminal proceedings. Part 4th follows, which is entitled Penal, and embraces Crimes and Offenses, Criminal Procedure, Jails and the Penitentiary. Chapter 8 of Title II of this part includes sections 7336 to 7361, which make provision for cases in which error may be brought, and for the procedure thereunder. In all these provisions, *205 applying as they do specially to criminal cases, no limit is placed on the filing of the petition in error. We are of opinion that it was not the intention of the general assembly to place a limit on such error proceedings, and, therefore, the objection of counsel is not well taken. This conclusion is supported by the holding in Blackburn v. The State, 22 Ohio St., 581, where the precise question was made, and it was there ruled that under the statutes as then existing the limit controlling civil actions and proceedings did not apply. We know of no change in the statutes in this particular since.
Coming to the grounds of error urged we find that two are serious. One relates to the conduct of the prosecuting attorney during his closing argument to the jury, and the other to the absence of the trial judge from the court room during a portion of that argument. The facts are fully set out in the statement, and it would needlessly encumber the record to repeat them here. It is apparent that the prosecuting attorney, in the course of his address to the jury, charged counsel for the prisoner with conduct in the highest degree unprofessional, if not indeed criminal, and made statements of alleged conduct of counsel extraneous to the inquiry before the jury, and not pretended to be supported by the evidence in the case on trial, and referred to other matters not in evidence, all which were in their nature calculated to work serious prejudice to the defendant. This was a distinct departure from the line of official duty. It is incumbent upon a prosecuting attorney to aid the administration of justice, and not to so conduct himself during a trial as to defeat the purpose of the law which accords to every person accused of crime a fair and impartial trial. *206 And this is no less a duty where the prosecutor believes the offender guilty. The evident effect of this misconduct was in no wise removed or modified by any action of the court, if indeed it could have been, but was left to work inevitable mischief and prejudice in the minds of the jurors. That this error should have been corrected by granting the motion for a new trial needs no argument in its support. The general subject as to conduct of counsel is fully treated in Hayes v. Smith, 62 Ohio St., 161, and in C. P. Ry. Co. v. Pritschau, 69 Ohio St., 438, which decisions afford abundant authority for the conclusion above stated. Had the wholesome doctrine of those cases been heeded it is probable that ground for this error proceeding would not have arisen.
The absence of the trial judge from the court room during a portion of the argument referred to we regard also as error. It was stated by the present chief justice on another occasion that “the trial judge is not merely a part of the court, an important part of the court, the controlling part of the court, but he is an essential part of the court. While he is present the court is in session until adjournment; but his absence from the court room at any time disintegrates the court. * * * It would be reversible error if anything detrimental to the losing party should occur during such absence. He must be where he can instantly exert his authority where it is required.” We are of the opinion that this correctly states the law. It may be that this presence of the judge does not imply that he must be every moment absolutely within the court room, but, as held in a Texas case, he should be at least within *207 sight and hearing of the proceedings so that he will retain control of all that transpires during the trial, and if it become necessary for him to be absent so that he cannot instantly exercise his control, he should suspend the proceeding until his return. To the same effect is a Connecticut case where it is held “that it is the duty of the presiding judge at criminal trials and especially where life is involved to be visibly present every moment of their actual progress, so that he can both see and hear all that is being done. This is a right decreed to the accused by the law of the land of which he cannot be deprived.” These conclusions are abundantly sustained by authorities other than those referred to, many of which will be found cited by the diligent counsel.
It is suggested that the judge was in an adjoining room preparing his charge to the jury. This fact, if it is such, cannot excuse the omission. It is manifest that the judge was too far away to have any oversight over the trial, for it is inconceivable that any self-respecting judge of the court of common pleas, had he ■ observed what was passing before the jury, could have failed to promptly and vigorously repress it.
Attention is called by counsel for the state to the fact that on the return of the judge to the court room he ordered a recess of ten minutes to enable counsel for the defendant to put their exceptions in writing so that he could pass upon them, which opportunity was not improved by counsel. We do not perceive that this can alter the case. Ten minutes would hardly suffice to acquaint the court with all the grounds of exception. But whether so or not the mischief had been done.
*208 Attention is also called by counsel to tbe fact that tbe claim of misconduct is not supported by affi-. davits conformably to section 7352, Revised Statutes. This provisión is not exclusive of all other modes of proof.' It appears by the bill of exceptions that the trial judge ordered the official stenographer to furnish to defendant’s counsel a transcript of the proceedings as well as of the evidence, and the proceedings hereinbefore recited are incorporated as part of the bill of exceptions allowed and signed by the trial judge officially, and this we hold to be evidence of what actually occurred during the trial at least as of as high character as would, be the affidavits of witnesses.
This court has uniformly refused to set aside judgments of conviction except in cases- where the grounds of error were clear and the error manifestly prejudicial. The court is fully aware of the inconvenience and necessary expense incident to another trial of this case, but these considerations lose force where it appears that the accused has not had such a trial as the-constitution guarantees to Mm and which it is the duty of the trial court to accord.
The motion is sustained. The judgments below will be reversed and the cause remanded to the court of common pleas for further proceedings according to law.

Reversed.

Davis, C. J., Shauck, Price, Crew and Summers, JJ., concur.